20495

Mary H. HINSON, Respondent, v. Thomas C. HINSON, Sr.,
Appellant.
(237 S. E. (2d) 81)

*H. Page Dees, for Appellant,*

*James P. Stevens,* of Loris, *for Respondent,*

August 17, 1977.

GREGORY, Justice:

In this divorce case, Mr. Hinson appeals from an order of the lower court which held that certain earlier orders of the court would stand without change. Appellant excepts to the latest order in three particulars: (1) the court erred in failing to terminate or modify alimony payments; (2) the court erred in failing to end child support payments; and (3) the court erred in failing to set a termination date on education payments for the child.

Respondent began the action for divorce in the Family Court of Horry County in 1971. The divorce a *vinculo matrimonii* was granted in 1973. Intermittently since 1973 the issues of alimony and child support have been before the family court.

In 1976 appellant moved to end or modify his alimony payments on grounds of changed circumstances. He sought further to end his payments for the support of the parties'

only child, and to set a termination date for his payments for the child's education. The trial judge's refusal to grant appellant's motions (by order of July 1976) is the subject of this appeal.

Appellant's first exception alleging that the court erred in failing to terminate or modify alimony payments is without merit and discussing it would serve no precedential or useful purpose. The issue involved is purely factual and governed by settled principles of law. Accordingly, we affirm that part of the order involving alimony under Rule 23 of the Rules of Practice of this Court.

■ Appellant's second exception concerns the court's failure to terminate child support payments. Appellant fully complied with the orders of the court that he contribute to the support of the child until he reaches age 21. However, the parties' son became 21 in Januray 1977, and the requirement of the court's orders to contribute to his support expired. Consequently, appellant stopped making payment. The issue is now moot and threefore will not be considered. *Mathis v. South Carolina State Highway Department*, 260 S. C. 344, 195 S. E. (2d) 173 (1973).

■ The third exception challenges the reaffirmance of an earlier order that required appellant to pay $500 a semester for the child's education "so long as [he] is in school." Mr. Hinson does not appeal from that part of the order that he contribute to his child's education. Therefore, that holding is the law of the case. He does, however, argue that the lower court's order would require him to contribute indefinitely, and he urges this Court to set a time limit on his payments. We decline to do so. We interpret the court's order as including a reasonable time limit on payments for higher education.

At the time of the hearing in July 1976, the son had completed two years of college at Coastal Carolina. He expressed an interest in a career in the ministry. When this matter

was argued orally before this Court counsel agreed that the son attended Oral Roberts University during the 1976-77 school year.

If, in the future, appellant should feel that his payments extend beyond a reasonable length of time, his recourse would be to petition the family court for termination.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.